IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00904-GPG

AMIR BLAND,

    Plaintiff,

v.

CITY OF AURORA,
CITY ATTORNEY'S OFFICE,
DANIEL MONEY, Official and Individual, and
JAMIE WYNN, Official and Individual,

    Defendants.

## ORDER OF DISMISSAL

Plaintiff Amir Bland is in the custody of the Colorado Department of Corrections and currently is incarcerated at the Limon Correctional Facility in Limon, Colorado. Plaintiff, acting *pro se*, initiated this action by filing a Prisoner Complaint pursuant to 42 U.S.C. §§ 1983 and 1986, and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915. Plaintiff has been granted leave to proceed pursuant to § 1915.

Plaintiff asserts that Defendants Daniel Money and Jamie Wynn have failed to comply with the stipulated agreement reached by Plaintiff and the City of Aurora in *Bland v. City of Aurora*, No. 13-cv-03000-CMA-MJW (D. Colo. July 25, 2014) in violation of his due process rights. Plaintiff further contends that Defendants Money and Wynn entered into an agreement to pay him $500,000, of which $5,000 was to be deposited in his inmate account, $245,000 in a bank account established in his name, and $250,000

in an account for his son's mother. ECF No. 1 at 6. Plaintiff also asserts that Defendants have breached a contract in violation of Colo. Rev. Stat. § 18-4-401. Plaintiff seeks payment of the monetary settlement in Case No. 13-cv-03000-CMA-MJW, damages, and declaratory relief regarding the violation of his constitutional rights.

The Court must construe the Complaint liberally because Plaintiff is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court, however, does not act as an advocate for a pro se litigant. *See Hall*, 935 F.2d at 1110. Liberal construction also is intended merely to overlook technical formatting errors and other defects in Plaintiff's use of legal terminology and proper English. *Hall*, 935 F .2d at 1110. *Pro se* status does not relieve Plaintiff of the duty to comply with the various rules and procedures or the requirements of the substantive law. *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993); *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994).

Because Plaintiff has been granted leave to proceed pursuant to the in forma pauperis statute, 28 U.S.C. § 1915, under § 1915(e)(2)(B)(i), the Court must dismiss the action or any claims if the claims are frivolous or malicious. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989). Factual frivolousness includes allegations that are "clearly baseless," "fantastic," or "delusional." *Id.*

For the reasons stated below, the Complaint and action will be dismissed in part as legally frivolous. The Court will decline supplemental jurisdiction regarding the remaining claims.

First, the Court notes that on September 9, 2014, in Case No. 13-cv-03000-CMA-MJW, Plaintiff filed a motion for breach of contract. In the motion, Plaintiff raised the same issues he asserts in this Complaint that Defendants Money and Wynn had failed to comply with the stipulated agreement to pay him $500,000 for dismissal of Case No. 13-cv-03000-CMA-MJW. Plaintiff does concede, however, in the motion for breach of contract that he received $5,000 of the $500,000 that allegedly was promised. Judge Arguello ordered the motion stricken for lack of jurisdiction in 13-cv-03000-CMA-MJW. Plaintiff then filed this case addressing the same issue, but now he includes a civil rights claim.

This Court, like the court in Case No. 13-cv-03000-CMA-MJW, lacks jurisdiction to address the stipulated agreement reached in Case No. 13-cv-03000. Unless a court order of dismissal expressly reserves jurisdiction to enforce the terms of the parties' settlement, an alleged breach of a settlement agreement is no more than a state law claim for breach of contract. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 281–82 (1994). The record in Case No. 13-cv-03000-CMA-MJW does not reflect that Judge Arquello reserved jurisdiction to enforce the terms of the parties' settlement agreement. Even if jurisdiction to enforce had been reserved in Case No. 13-cv-03000-CMA-MJW, initiating a new action, such is this one, is not the manner in which to address enforcement.

As for Plaintiff's due process claim § 1983 provides:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . , subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress

3

. . . .

42 U.S.C. § 1983.  Section 1983 creates only the right of action; it does not create any substantive rights; substantive rights must come from the Constitution or federal statute. *See Nelson v. Geringer*, 295 F.3d 1082, 1097 (10th Cir. 2002) ("[S]ection 1983 did not create any substantive rights, but merely enforce[s] existing constitutional and federal statutory rights . . .") (citations omitted).  Section 1983 authorizes an injured person to assert a claim for relief against a person who, acting under color of state law, violated the claimant's federally protected rights.  To state a claim upon which relief can be granted under § 1983, a plaintiff must allege: (i) a deprivation of a federal right; and (ii) that the person who deprived the plaintiff of that right acted under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

Plaintiff is suing the attorneys who negotiated the stipulated agreement in Case No. 13-cv-03000-CMA-MJW.  Plaintiff contends in this action that Defendants Money and Winn breached the agreement by not paying the full amount to which Plaintiff alleges he agreed.  Plaintiff asserts jurisdiction over his claims in the instant action pursuant to 28 U.S.C. § 1343 and he cites two other federal statutes, 42 U.S.C. § 1983 and § 1986, in the jurisdiction portion of the Prisoner Complaint form.  Even though the Court has subject matter jurisdiction over civil rights claims asserted pursuant to § 1983, Plaintiff does not allege any facts that arguably might support a claim under § 1983.  Instead, Plaintiff concedes that he is bringing a "breach of contract" action pursuant to Colo. Rev. Stat. § 18-4-405.  ECF No. 1 at 9.

Further, any claim asserted pursuant to § 1986 lacks merit because "an underlying unlawful act is necessary to prevail on a civil conspiracy claim." *Peterson v.*

4

*Grisham*, 594 F. 3d 723, 730 (10th Cir. 2010).  Without stating a claim for an actual deprivation of rights, Plaintiff cannot state a conspiracy claim.  *See Dixon v. Lawton*, 898 F.2d 1443, 1449 (10th Cir. 1990) (In order to prevail on a § 1983 conspiracy claim, "a plaintiff must plead and prove not only a conspiracy, but also an actual deprivation of rights; pleading and proof of one without the other will be insufficient.").  Since Plaintiff fails to state a § 1983 claim, § 1986 conspiracy claim also fails.

Because Plaintiff fails to assert a claim pursuant to 42 U.S.C. §§ 1983 and 1986, this Court declines to exercise any supplemental jurisdiction regarding his breach of contract claim.  Furthermore, because a breach of contract claim is "best left for a state court's determination," *see Brooks v. Gaenzle*, 614 F.3d 1213, 1230 (10th Cir. 2010), this Court declines to exercise supplemental jurisdiction over this claim.  The breach of contract claim, therefore, will be dismissed without prejudice.

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order is not taken in good faith, and, therefore, in forma pauperis status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Plaintiff files a notice of appeal he must also pay the full $505 appellate filing fee or file a motion to proceed in forma pauperis in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.  Accordingly, it is

ORDERED that the 42 U.S.C. §§ 1983 and 1986 claims are dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).  It is

FURTHER ORDERED that this Court declines jurisdiction over Plaintiff's breach of contract claim and dismisses this claim without prejudice.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied. It is

FURTHER ORDERED that all pending motions are denied as moot.

DATED at Denver, Colorado, this  1st  day of      May         , 2015.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court